**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 93-2521
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JUAN SAMUEL GONZALES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

( April 15, 1994 )

Before GARWOOD, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:

BACKGROUND

On January 24, 1993, Houston Police Department Officer Corley observed Juan Gonzales and co-defendant Salvador Infante get out of a cab at the bus terminal. Officer Corley noticed that the pair visually scanned the area but did not speak to one another. Gonzales retrieved a blue hardside suitcase from the back of the cab and carried on his shoulder a gray bag; Infante carried a black canvas suitcase and a backpack. As Infante was heading to the ticket line, he turned and motioned for Gonzales to continue to the back toward the seating area. Corley then observed Gonzales

standing against a wall in the seating area staring and rapidly scanning the waiting area as he clutched the shoulder bag tightly. Sergeant Ellis and DEA Agent Roach accompanied Corley, but remained a short distance away as he approached and questioned Gonzales. Corley walked up to Gonzales, got out his identification, showed it to him, said he was a police officer, and asked if could talk to him for a minute; Gonzales immediately dropped the shoulder bag to the ground and Corley noticed that it sounded very solid unlike clothing. As Corley asked Gonzales about his travel plans, Gonzales became more and more nervous. Then Corley asked him if the bags were his; Gonzales responded that neither bag was his and that he had never seen them before. Considering the bags abandoned, Corley searched the bags and found eight kilos of cocaine in the shoulder bag. Gonzales was arrested; shortly thereafter, a trained dog alerted to Infante's suitcase; Infante also disclaimed ownership, but was in possession of the claim check for the suitcase. The officers found nine kilos of cocaine in the suitcase.

On February 24, 1993, Gonzales pleaded not guilty at his arraignment. On March 15th, he filed a motion to suppress the cocaine seized as the product of a tainted search. In a letter dated March 22, 1993, counsel for Gonzales asked the Government to allow Gonzales to make a conditional guilty plea in order that he might preserve his eligibility for a three-level adjustment under § 3E1.1 and his ability to appeal an adverse ruling on the suppression motion. The Government declined the offer. At the

2

beginning of the trial, the parties agreed to carry the suppression hearing with a bench trial. The Government called Officer Corley, Officer Ellis, and Agent Roach as witnesses; Gonzales testified for the defense. After all of the testimony, the district court denied the motion to suppress and found the defendant guilty on both counts. In accordance with § 2D1.1, the probation officer determined the base offense level to be 34 (at least 15 kilograms but less than 50 kilograms of cocaine), based on the laboratory results showing a total of 29.2 kilograms of cocaine seized from both bags. A two-level adjustment was made for acceptance of responsibility. Applying a total offense level of 32 to a criminal history category of III yielded a guideline imprisonment range of 151 to 188 months. At the sentencing hearing, the defendant's objection to the denial of the additional point for acceptance of responsibility notwithstanding, the district court adopted the PSR recommendations and sentenced Gonzales to 168 months on each count to run concurrently.

OPINION

Gonzales argues that the district court erred in refusing to grant an additional one-level reduction for acceptance of responsibility pursuant to § 3E1.1(b)(2). This Court reviews a district court's finding on acceptance of responsibility for clear error but under a standard of review even more deferential than a pure "clearly erroneous" standard. United States v. Tello, 9 F.3d

3

1119, 1122 (5th Cir. 1993) (internal citations and quotation omitted). Appellate review of sentences imposed under the guidelines is limited to a determination whether the sentence was imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or was outside of the applicable guideline range and was unreasonable. United States v. Howard, 991 F.2d 195, 199 (5th Cir.), cert. denied, 114. S.Ct. 395 (1993). Application of the guidelines is a question of law subject to de novo review. Id.

Section 3E1.1(b) established a tripartite test to determine entitlement to the additional one-level decrease for acceptance of responsibility. United States v. Mills, 9 F.3d 1132, 1136 (5th Cir. 1993). The sentencing court is directed to grant the additional one-level decrease in the defendant's offense level if (i) the defendant qualifies for the two-level decrease under § 3E1.1(a) for acceptance of responsibility; (ii) the defendant's offense level is 16 or higher before the two-level reduction under § 3E1.1(a); and (iii) the defendant timely "`assisted authorities'" by taking "one--but not necessarily both--of two `steps': either (a) `timely' furnishing information to the prosecution about the defendant's own involvement in the offense (subsection (b)(1)); or (b) `timely' notifying the authorities that the defendant will enter a guilty plea (subsection (b)(2))." United States v. Tello, 9 F.3d at 1124-25. To satisfy the third element of the test[1], the defendant's notification to the Government and the district court

_____

[1]Section 3E1.1(b)(1) is not at issue in this case.

4

must be made sufficiently early so that the Government can avoid preparing for trial and the court is able to manage its calendar efficiently without taking the defendant's trial into consideration. Id. at 1125-26; § 3E1.1(b)(2). If the defendant satisfies all three prongs of the test, the district court is "without any sentencing discretion whatsoever" to deny the additional one-level decrease. Mills, 9 F.3d at 1139.

Because Gonzales received the basic two-level downward adjustment under § 3E1.1(a) and because his offense level prior to such adjustment was 34, the first two prongs of the test were satisfied. With respect to the third prong, the district court considered, but overruled without comment, Gonzales' argument that the conditional plea offered by his counsel's letter of March 22nd evinced an intent to notify timely the Government and the court that he intended to plead guilty. Although Gonzales might have saved the court some time by agreeing to proceed with a bench trial, it is undisputed that (i) Gonzales did not at any time enter an actual guilty plea, and (ii) the suppression hearing was in effect the substantive equivalent of a full trial, which required full preparation by the Government and allocation of the court's resources. See United States v. Morillo, 8 F.3d 864, 872 (1st Cir. 1993) (conditional offer to plead does not meet standard of § 3E1.1(b)(2), because until the contingency is removed, the prosecution must still prepare for trial and the court must still reserve calendar time). Accordingly, the district court did not

5

clearly err in refusing to treat the conditional offer to plead or the acquiescence to a bench trial as a notification within the purview of § 3E1.1(b)(2).

AFFIRMED.