# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 98-60730
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HENRY LEE HUGHES, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:97-CR-151-1
--------------------

August 16, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Henry Lee Hughes, Jr., pleaded guilty to count 1 of an indictment charging him with conspiracy to possess with intent to distribute cocaine and has appealed his sentence.  Hughes contends that the district court erred in determining the quantity of drugs attributable to him.  We review the district court's finding as to drug quantities for clear error.  United States v. Torres, 114 F.3d 520, 527 (5th Cir.), cert. denied, 118

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

S. Ct. 316 (1997). The determination need be supported only by a preponderance of the evidence. United States v. Gaytan, 74 F.3d 545, 558 (5th Cir. 1996).

Hughes argues that the drug quantity was disputed, that the district court failed to properly resolve the factual dispute, and that the district court should have held an evidentiary hearing under Fed. R. Crim. P. 32. Hughes was not prevented from offering evidence at the sentencing hearing to rebut the information contained in the PSR. For reasons expressed by the district court, the information underlying the drug-quantity calculation bore sufficient indicia of reliability and was sufficient to support the probation officer's finding by a preponderance of the evidence. The district court's fact finding as to drug quantities was not clearly erroneous.

Hughes contends that the district court erred in refusing to adjust his offense level for acceptance of responsibility. If a defendant "clearly demonstrates acceptance of responsibility for his offense," the sentencing guidelines instruct the district court to decrease the defendant's offense level by two and possibly three points. U.S.S.G. § 3E1.1(a) and (b). The defendant bears the burden of proving that he is entitled to the downward adjustment. United States v. Kinder, 946 F.2d 362, 367 (5th Cir. 1991). This court reviews a district court's finding on acceptance of responsibility for clear error but "under a standard of review even more deferential than a pure clearly erroneous standard." United States v. Gonzales, 19 F.3d 982, 983 (5th Cir. 1994) (internal citation and quotation omitted).

Hughes's argument presupposes that he has been truthful regarding the quantity of drugs attributable to him. Because Hughes failed to admit the extent of his drug dealing, the district court's refusal to adjust his offense level for acceptance of responsibility was not clearly erroneous.

Hughes contends that the district court erred in adjusting his offense level upward by two levels pursuant to U.S.S.G. § 3B1.1(c) because of his leadership role in the offense. Under § 3B1.1(c), the offense level of a defendant who was "an organizer, leader, manager, or supervisor in any criminal activity" is increased by two levels. § 3B1.1(c). The standard of review is clear error. See United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997), cert. denied, 118 S. Ct. 721 (1998).

Hughes complains that the district court failed to make express findings denying his objection to the role adjustment. Because Hughes did not present any rebuttal evidence to refute the facts in the PSR, the district court was free to adopt those facts without further inquiry. See United States v. Mir, 919 F.2d 940, 943 (5th Cir. 1990). The supervision of Miller was sufficient to provide a basis for the role adjustment. See United States v. Powell, 124 F.3d 655, 667 (5th Cir. 1997), cert. denied, 118 S. Ct. 1082 (1998). Hughes has failed to show that the district court clearly erred in adjusting his offense level under § 3B1.1(c).

AFFIRMED.