IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41137
Summary Calendar
_____

UNITED STATES OF AMERICA

                                        Plaintiff-Appellee

    v.

TAMALA MICHELLE WOODS

                                        Defendant-Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1-99-CR-10-2
--------------------
April 5, 2000

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:[*]

    Tamala Michelle Woods contends that the district court erred
in denying her motion to suppress.  Woods has waived this issue
by entering an unconditional guilty plea.  See United States v.
Wise, 179 F.3d 184, 186 (5th Cir. 1999); United States v. Bell,
966 F.2d 914, 916-17 (5th Cir. 1992).

    Woods argues that the district court erred in refusing to
adjust her offense level for acceptance of responsibility.  This
court reviews a district court's finding on acceptance of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

responsibility "under a standard of review even more deferential than a pure clearly erroneous standard."  <u>United States v. Gonzales</u>, 19 F.3d 982, 983 (5th Cir. 1994) (internal citation and quotation omitted).  Woods denied knowing that she was transporting cocaine and falsely denied relevant conduct.  The district court did not err in refusing to award an adjustment for acceptance of responsibility.  <u>See</u> U.S.S.G. § 3E1.1 comment. (n.1(a)).

Woods contends that the district court erred in adjusting her offense level upward for obstruction of justice.  A district court's finding of obstruction of justice pursuant to § 3C1.1 is a factual finding which this court reviews for clear error.  <u>United States v. Upton</u>, 91 F.3d 677, 687 (5th Cir. 1996).  The district court did not clearly err in finding that Woods provided materially false information to the probation officer regarding her prior criminal conduct and her true identity.  <u>See</u> § 3C1.1, comment. (nn.4(h) & 6).  The judgment is

AFFIRMED.