# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-30020
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER ANJULO-JARAMILLO,
also known as Luiz Rivera-Garcia,

Defendant-Appellant.

_____

CONSOLIDATED WITH
No. 99-30272

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNALDO GARCIA-VASQUEZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CR-83-4-G

_____

May 23, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alexander Anjulo-Jaramillo and Reynaldo Garcia-Vasquez appeal from the sentences imposed after they pleaded guilty to conspiracy to possess cocaine hydrochloride with intent to distribute and possession of cocaine hydrochloride with intent to distribute.  Anjulo-Jaramillo also pleaded guilty to illegally reentering the United States after deportation.

Anjulo-Jaramillo argues that the district court erred in refusing to reduce his sentence by one additional offense level pursuant to U.S.S.G. § 3E1.1(b)(2) for acceptance of responsibility. The district court did not clearly err, however, in concluding that Anjulo-Jaramillo failed to timely notify authorities of his intention to plead guilty.  See United States v. Gonzales, 19 F.3d 982, 984 (5th Cir. 1994).

Anjulo-Jaramillo argues that the district court erred in declining to reduce his sentence two levels under § 3B1.2(b) for minor participation in the offense.  Having reviewed the record, we conclude that the district court did not clearly err in finding that Anjulo-Jaramillo was not a minor participant in the conspiracy.  See United States v. Mitchell, 31 F.3d 271, 278-79 (5th Cir. 1994).

Garcia-Vasquez challenges the district court's refusal to sentence him according to the safety-valve provision of 18 U.S.C. § 3553(f).  Garcia-Vasquez has not shown that the court clearly erred in concluding that he did not "truthfully provide[] to the Government all information and evidence [he] has concerning the offense," as required by § 3553(f)(5).  See United States v. Flanagan, 80 F.3d 143, 146 (5th Cir. 1996).

AFFIRMED.