IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40641
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BILLY MAY,

                                        Defendant-Appellant.


--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:99-CR-96-1
--------------------
January 23, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

     Billy May has appealed his convictions for conspiracy to
commit interstate transportation of stolen property and
interstate transportation of stolen property.  May contends that
the district court erred by increasing his offense level by two
levels for obstruction of justice under U.S.S.G. § 3C1.1.  The
district court found that May had made threatening statements
about several witnesses and that May was aware that he was under
investigation at the time he made the statements.  See U.S.S.G.

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3C1.1 comment. (n.4(a)). The district court's ruling was not clearly erroneous. See United States v. Bethley, 973 F.2d 396, 402 (5th Cir. 1992) (standard of review).

May contends that the district court erred in refusing to reduce his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The district court found that May knew that he was being investigated at the time he attempted to influence witnesses. Under the highly deferential standard of review applicable to this issue, see United States v. Gonzales, 19 F.3d 982, 983 (5th Cir. 1994), we cannot conclude that the district court erred in concluding that May's conduct was not consistent with acceptance of responsibility and did not present "extraordinary circumstances" within the meaning of U.S.S.G. § 3E1.1, comment. (n.4).

May contends that the district court erred in adding two levels to his offense level, under U.S.S.G. § 3B1.1(c), because of May's managerial role in the offense. May's argument on appeal does not address the district court's rationale in imposing the role adjustment, that May had acted in a "managerial" capacity, and does not demonstrate that district court's ruling was clearly erroneous. See United States v. Alvarado, 898 F.2d 987, 993 (5th Cir. 1990).

The judgment is AFFIRMED.