IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-41179
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID EDWARD POSIVAL,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-182-1

---

April 27, 2001

Before GARWOOD, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

A jury found David Posival guilty of being a convicted felon in possession, from on or about November 29, 1998, to on or about May 14, 1999, of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 942(a)(2). The charge arose as a result of a May 14, 1999, robbery at Posival's home immediately after which he returned fire upon his assailants, killing one, and pursued them in

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his car while, according to the government's evidence, armed with a second firearm. Posival argues four errors on appeal: (1) that the guilty verdict was not supported by the evidence; (2) that the district court erred in refusing to give an offense level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility; (3) that the district court erred in refusing to depart downward from the Sentencing Guidelines pursuant to U.S.S.G. § 5K2.0, p.s., in light of Posival's use of the firearm in self-defense; and (4) that the district court erred in finding that he possessed a stolen firearm pursuant to U.S.S.G. § 2K2.1(b)(4).

Posival's insufficiency-of-the-evidence claim is meritless. The jury was free to disregard Posival's wife's testimony to the extent it indicated he possessed neither shotgun. That Posival "possessed" the ammunition found in plain view throughout his home, as well as the shotguns kept at his home which he referred to as "my shotgun" and "my other shotgun" in his pretrial statement, is also amply supported by the evidence.

Posival's argument that he deserved an acceptance-of-responsibility reduction is also with out merit. Challenges to the denial of a U.S.S.G. § 3E1.1 acceptance-of-responsibility reduction are reviewed even more deferential[ly] than under a pure "clearly erroneous" standard, *United States v. Gonzales*, 19 F.3d 982, 983 (5th Cir. 1994), and the defendant has the burden of proof, *United States v. Tremelling*, 43 F.3d 148, 152 (5th Cir. 1995). The

district court found that Posival had not accepted responsibility within the meaning of U.S.S.G. § 3E1.1 because at trial he contested the factual issue of whether he carried a gun or a bat in pursuit of his assailants. He still contests that finding on appeal. Under our deferential standard of review, we cannot say that the district court erred in denying Posival a reduction.

We cannot review the district court's decision not to depart downward from the Sentencing Guidelines. We can review a district court's refusal to depart from the Guidelines only if its decision was based on the erroneous belief that it did not have the authority to depart. *United States v. Davis*, 226 F.3d 346, 359 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1161 (2001). A review of the record evinces that the district court was aware of its ability to depart downward but chose not to depart.

Posival's final assignment of error, that the district court erred in finding he possessed a stolen firearm, also fails. The evidence amply supported a finding that Posival possessed a firearm which had been stolen. The fact that he did not know it was stolen is irrelevant under U.S.S.G. § 2K2.1(b)(4). *See* U.S.S.G. § 2K2.1, comment.(n.19) ("The enhancement . . . applies whether or not the defendant knew or had reason to believe that the firearm was stolen. . .").

AFFIRMED

3