United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**04-41165
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LINWOOD WAYNE HUFF,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas
(2:04-CR-84-1)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Linwood Wayne Huff appeals his conviction and sentence for possession with intent to distribute crack cocaine. Huff claims: the district court erred by denying his motion to suppress based upon an illegal search and seizure; the requirement in United States Sentencing Guideline § 3E1.1(b), which states that a third-level of reduction for acceptance of responsibility can only be given upon motion by the Government, violates the separation of powers doctrine; the Government's refusal to move for that third-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level reduction was based on an unconstitutional motive; and the district court plainly erred in sentencing him under a mandatory, as opposed to advisory, Guidelines system.

The denial of a motion to suppress is reviewed under a two-tiered standard of review: factual findings are reviewed for clear error, issues of law *de novo*. *E.g.*, **United States v. Villalobos**, 161 F.3d 285, 288 (5th Cir. 1998). Huff's constitutional challenges are reviewed *de novo*. *E.g.*, **United States v. Romero-Cruz**, 201 F.3d 374, 377 (5th Cir.), *cert. denied*, 529 U.S. 1135 (2000). As noted, Huff concedes that his claim that his sentence violates the Sixth Amendment is reviewed for plain error only.

The investigatory stop and frisk of Huff did not violate his Fourth Amendment rights. Among other things, there was no unconstitutional seizure. *See* **United States v. Shabazz**, 993 F.2d 431, 436 (5th Cir. 1993). Officer Goodman was able to corroborate the anonymous tip, thereby providing Goodman with the requisite reasonable suspicion to justify the stop. And, Goodman had a reasonable belief that Huff was armed and dangerous, which justified the frisk. *See* **United States v. Reyes**, 349 F.3d 219, 224 (5th Cir. 2003); **United States v. Rodriguez**, 835 F.2d 1090, 1092 (5th Cir. 1988).

Huff's constitutional challenge, based upon separation of powers, to U.S.S.G. § 3E1.1(b) is moot in the light of **United States v. Booker**, 125 S. Ct. 738 (2005). We reject Huff's

2

contention that the Government's refusal to move for a third-level credit for acceptance of responsibility was based on an unconstitutional motive. Huff's suppression hearing was the substantive equivalent of a full trial, requiring the Government's full preparation; and, therefore, the Government was justified in not moving for the additional credit. U.S.S.G. § 3E1.1(b); *cf.* **United States Gonzales**, 19 F.3d 982, 984 (5th Cir.), *cert. denied*, 513 U.S. 887 (1994).

Finally, Huff has not established, that but for the district court's plain error in sentencing him under the mandatory Guidelines regime held unconstitutional in **Booker,** the outcome of his proceedings would likely have been different. *See* **United States v. Mares**, 402 F.3d 511, 521 (5th Cir. 2005), *petition for cert. filed*, (U.S. 31 Mar. 2005) (No. 04-9517). In this regard, the district court sentenced Huff to the high-end of the applicable range to achieve the desired punishment.

*AFFIRMED*