IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-60976
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FREDERICK WILLIAMS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:06-CR-67-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Frederick Williams appeals the sentence he received after he pleaded guilty, pursuant to a written plea agreement, to distribution of more than five grams of crack cocaine. He was sentenced to 108 months of imprisonment, to be followed by five years of supervised release.

Williams asserts that the district court's decision not to award him an additional offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) was unreasonable. Williams's insistence that the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision was not based on proof beyond a reasonable doubt is unavailing because such factual findings need only be proved by a "preponderance of the evidence." United States v. Johnson, 445 F.3d 793, 798 (5th Cir. 2006). As Williams waited until the day his trial was scheduled to begin before agreeing to plead guilty (or even if we credit his assertion that he attempted to change his plea earlier in the week of trial), the district court's denial of the reduction did not constitute clear error "under a standard of review even more deferential than a pure clearly erroneous standard." United States v. Gonzales, 19 F.3d 982, 983 (5th Cir. 1994).

Williams also contends that the terms of his plea agreement show that the district court's decision not to apply the additional level of reduction was unreasonable. The plea agreement reserved for the government, however, the discretion to determine whether Williams "ultimately" deserved the additional reduction under § 3E1.1(b). Moreover, the decision whether to grant the additional level of reduction is the district court's—not the government's—even though the court may only do so on the government's motion, see § 3E1.1, comment. (n.6). In addition, the district court's decision was supported by Williams's failure to agree timely to plead guilty. See Gonzales, 19 F.3d at 983.

Williams insists that his sentence is unreasonable and should be recalculated in light of amendments to the Guidelines that were adopted after his sentence was imposed and that reduce the disparity between powder and crack cocaine. He did not object that the 2006 version of the Guidelines, which formed the basis for his sentence, contained disproportionate penalties for offenses involving crack cocaine. Our review is therefore for plain error. See United States v. Peltier, 505 F.3d 389, 391 (5th Cir. 2007), petition for cert. filed, (Jan 22, 2008) (No. 07-8978); United States v. Hernandez-Martinez, 485 F.3d 270, 272 (5th Cir.), cert. denied, 128 S. Ct. 325 (2007). Williams's broad assertions regarding this issue fail to demonstrate that there was error, that it was plain, and that it affected his substantial rights. See Peltier, 505 F.3d at 392.

Williams has not shown that the district court committed any significant procedural error in connection with sentencing or that the sentence imposed is unreasonable, see Gall v. United States, 128 S. Ct. 586, 597 (2007). The judgment of the district court is AFFIRMED.