# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2010

No. 09-10079

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE WILLIAMSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:06-CR-200-1

Before SMITH, CLEMENT, and OWEN, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Ronnie Williamson appeals his sentence, arguing that the district court committed procedural error when it denied a one-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).  We affirm.

No. 09-10079

## I.

A jury previously convicted Williamson of violating 18 U.S.C. § 841(a)(1) and (b)(1)(A) by possessing with the intent to distribute 50 or more grams of cocaine. We remanded for a new trial. *See United States v. Williamson*, 533 F.3d 269 (5th Cir. 2008). The government then charged Williamson, in a one-count superseding bill of information, with the lesser offense of violating § 841(a)(1) and (b)(1)(B)(iii) by possessing with intent to distribute 5 or more grams of cocaine. Williamson signed a written plea agreement, pleading guilty. The government filed a motion requesting that he be granted a reduction in his offense level under § 3E1.1(b) because, in its opinion, he had timely notified authorities of his intention to enter a plea of guilty, thus permitting the government to avoid preparing for trial and allowing the government and court to allocate their resources efficiently. *Cf.* U.S.S.G. § 3E1.1(b) (2007).

The presentence report ("PSR") calculated the total offense level to be 30, which included a two-level decrease pursuant to § 3E1.1(a) for acceptance of responsibility. Williamson objected, arguing, in relevant part, that he should be granted the additional one-point reduction for acceptance of responsibility in § 3E1.1(b) because the government filed a motion requesting the reduction and because he met the criteria for it. The district court overruled the objections and adopted the PSR.

## II.

Regarding the one-point reduction, Williamson first claims that the version of § 3E1.1(b) applicable to him does not give the district court independent authority to conclude that the reduction is unwarranted where the government has filed a motion asking for it. Second, Williamson asserts that, even if the court does have independent authority to refuse the reduction, the court's conclusion that he did not meet the § 3E.1.1(b) standard is erroneous. We review

2

No. 09-10079

the district court's legal conclusions de novo, *see, e.g.*, *United States v. Clark*, 582 F.3d 607, 612 (5th Cir. 2009); *United States v. Cisneros-Gutierrez*, and its factual conclusions for clear error,[1] *see, e.g.*, *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008).

## A.

Williamson contends that the 2003 amendments to the guidelines divested the court of any role in determining whether to grant an additional one-point reduction under § 3E1.1(b).[2] By his reasoning, if (1) the district court determines that the two-level reduction in § 3E1.1(a) is warranted, and (2) the government moves for an additional one-level reduction pursuant to § 3E1.1(b), the court has no choice but to grant the one-level reduction. We disagree.

To support his argument, Williamson points to select passages in the guidelines, such as the provision itself, which states:

> [U]pon motion of the government stating that the defendant has assisted authorities . . . by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense by 1 additional level.

§ 3E1.1(b). And he quotes a comment to the guideline: "Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under sub-

---

[1] Indeed, the standard is "even more deferential than a pure clearly erroneous standard." *United States v. Gonzales*, 19 F.3d 982, 983 (5th Cir. 1994). Williamson's argument to the contrary confuses our review of factual questions with our review of legal questions.

[2] The 2003 amendments made it necessary that the government first file a motion stating that the defendant had assisted authorities by entering a timely guilty plea. *See* Prosecutorial Remedies and Tools Against Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108-21, § 401(g), 117 Stat. 650, 671-72 (2003).

section (b) may only be granted upon a formal motion by the Government at the time of sentencing." U.S.S.G. § 3E1.1 cmt. 6. These passages, he claims, make it plain that it is the government that determines whether a defendant warrants an additional one-point reduction and that upon a motion stating such, the court has no choice but to grant it.

Williamson misreads § 3E1.1(b) and its commentary. The guideline is hardly a model of clarity, but there is no reason to conclude that, by making a government motion a prerequisite, Congress divested the sentencing court of its independent authority to determine whether § 3E1.1(b) has been satisfied. The court can apply the reduction only "upon motion of the government stating that the defendant has assisted authorities . . . by timely notifying [it] of his intention to enter a plea of guilty." § 3E1.1(b). But there is no additional language precluding a role for the court in determining whether the plea "thereby permitt[ed] the government to avoid preparing for trial and permitt[ed] the government and the court to allocate their resources efficiently." *Id.*

Moreover, the statement in the commentary that "the Government is in the best position to determine whether the defendant has assisted authorities . . . ," § 3E1.1 cmt. 6, does not compel a different conclusion. That comment is used to support the reason, contained later in the same comment, why "an adjustment under subsection (b) may only be granted upon a formal motion by the Government . . . ." *Id.* It is unsurprising that Congress would include that language in the commentary, given that the 2003 amendment's requirement of a government motion represented a change from the pre-2003 guidelines.

Likewise notable is the fact that that comment uses permissive language. It says "*may* only be granted." § 3E.1.1 cmt. 6 (emphasis added). Had Congress, as Williamson suggests, meant for the court to have only a ministerial role, we would expect to see in the commentary a mandatory command.

Finally, comment five makes a claim, concerning the court's ability to de-

cide whether a reduction is warranted, that is similar to comment six's about the government's power to recommend a reduction. It states, "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1 cmt. 5. Although one might argue that that comment is more applicable to § 3E1.1(a), the comment itself does not limit its reach to that provision, and § 3E1.1(b) is a subsection of § 3E1.1, *Acceptance of Responsibility*. *See generally* § 3E1.1.

Our reading accords with the relevant caselaw. In *United States v. Williams*, 284 F. App'x 212, 212 (5th Cir. 2008) (per curiam), relying on comment six, we stated that "the decision whether to grant the additional level of reduction is the district court's––not the government's––even though the court may only do so on the government's motion."

Other circuits have confronted the issue, too, if only obliquely. In *United States v. Sloley*, 464 F.3d 355, 360 (2d Cir. 2006), the court found that "the PROTECT Act altered [§ 3E1.1] by amending the subsection and adding the further element of a prosecutor's motion, thereby making qualification for an additional reduction under subsection (b) more difficult." The court concluded that "Congress' aim in amending [§ 3E1.1] makes plain that under the new version *both the court and the government* must be satisfied that the acceptance of responsibility is genuine." *Id.* (emphasis added). And in *United States v. Stacey*, 531 F.3d 565, 568 (8th Cir. 2008), the court remanded for "'content specific' findings regarding the one-level acceptance of responsibility," suggesting that the sentencing court has a role in determining whether the § 3E1.1(b) criteria are met.

Notwithstanding, then, the ability to find isolated passages that might suggest otherwise, the most reasonable reading of the text of the guideline and its commentary is that the district court retains the ability to decide whether the

5

No. 09-10079

§ 3E1.1(b) criteria have been met. The current version of § 3E1.1(b) differs from the pre-amendment version in the addition of a new roadblock: Now, for a § 3E1.1(b) reduction, the government must first determine that the defendant assisted authorities by entering a timely guilty plea, and the government must file a motion with the court to that effect; then the court must decide that the defendant meets the § 3E1.1(b) criteria.

B.

Williamson argues, in the alternative, that the district court erred in determining that he did not qualify for the extra reduction. We disagree.

The PSR contains a recommendation that the reduction be denied because "the government had to initially prepare for trial and a new trial would have required minimal work and/or preparation." The court overruled Williamson's objection to the PSR, finding that (1) his guilty plea did not significantly assist the government, because it would not have taken many resources to prepare for a retrial; (2) he did not timely notify the government of his intent to plead guilty, because the case initially went to trial; and (3) he did not use the court's resources efficiently.

The court did not err. It kept its considerations to those contained in § 3E1.1(b)—the efficient use of the government's and the court's resources and the timeliness of the plea.[3] As part of its determination, the court was free to

---

[3] *Cf. United States v. Tello*, 9 F.3d 1119, 1128-29 (5th Cir. 1993) (holding that sentencing court is limited to the considerations in § 3E1.1(b) to determine whether to grant the reduction and that § 3E1.1 determinations must be internally consistent); *cf. also United States v. Wheeler*, 322 F.3d 823, 826 (5th Cir. 2003) (same). Here, there is no *Tello* problem. "The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections . . . [but] . . . the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case." § 3E1.1 cmt. 6.

No. 09-10079

consider Williamson's earlier decision to forgo a guilty plea and proceed to trial.[4] Williamson, after all, "had a trial on the merits and a bite at the acquittal cherry." *United States v. Sanchez-Ruedas*, 452 F.3d 409, 415 (5th Cir. 2006).

Moreover, the point of § 3E1.1(b) is to reward defendants who notify authorities early enough "so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." § 3E1.1 cmt. 6. The district court concluded that, regardless of however much additional trial preparation the government avoided through Williamson's guilty plea following remand, the preparation for the initial trial and the use of the court's resources for that trial meant that the § 3E1.1(b) benefits to the government and the court were not obtained. That finding was not "without foundation." *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003); *see also Vue*, 38 F.3d at 975.

AFFIRMED.

---

[4] *Cf. United States v. Vue*, 38 F.3d 973, 975 (8th Cir. 1994) ("Even though each defendant pleaded guilty within approximately three months of the reversal of his convictions on initial appeal, we do not agree that the government was saved much effort by those pleas, since the bulk of preparation by the government was for the initial trial and could relatively easily have been applied to the second trial as well.").