# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2011

Lyle W. Cayce
Clerk

No. 10-40441
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE AVELINO LUIS-RODRIGUEZ, also known as Jose Avelino Luis, also known as Joe Avelino Luis, also known as Jose Luis

Defendant-Appellant

Cons. w/ No. 10-40444

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE AVELINO LUIS RODRIGUEZ

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-655-1
USDC No. 5:09-CR-2871-1

No. 10-40441
c/w No. 10-40444

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Avelino Luis-Rodriguez pleaded guilty to illegal reentry of a deported alien. The agreement contained an appellate-waiver provision, wherein Luis-Rodriguez agreed to waive his right to appeal his conviction and sentence. In exchange for the plea, the Government agreed, inter alia, to move the district court for an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b), provided that Luis-Rodriguez qualified for a two-level adjustment under § 3E1.1(a), and his offense level before the application of § 3E1.1(a) was 16 or higher. Despite these conditions being satisfied, the Government did not move for the additional one-level reduction. The district court sentenced Luis-Rodriguez above the guidelines range to 60 months of imprisonment and imposed a three-year term of supervised release. The court concomitantly revoked Luis-Rodriguez's supervised release for his prior illegal reentry offense and sentenced him to a revocation sentence of 21 months of imprisonment. The district court directed that the revocation sentence be served consecutively to the sentence for the instant illegal reentry offense.

Luis-Rodriguez argues that the Government breached the plea agreement by failing to move the district court for an additional one-level reduction under § 3E1.1(b). He argues that this breach constituted reversible plain error because the Government's failure to fulfill its promises in the plea agreement was a clear error that implicates the validity of his guilty plea. He requests that we vacate his sentences in the illegal reentry and revocation cases and remand the matters to the district court for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40441
c/w No. 10-40444

Whether the Government breached a plea agreement is a question of law that this court typically reviews de novo and may consider despite the appeal waiver. *United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001); *United States v. Keresztury*, 293 F.3d 750, 757 (5th Cir. 2002). However, because Luis-Rodriguez raises this argument for the first time on appeal, review is for plain error only. *See Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009). To show plain error, Luis-Rodriguez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 1429. If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* The record supports that the Government did not comply with its obligation under the plea agreement to move for a one-level reduction under§ 3E1.1(b). Thus, as the Government concedes, there was an error that was clear and obvious. *See id.*

However, Luis-Rodriguez has failed to establish that the breach of the plea agreement affected his substantial rights. He specifically has not shown that he would have received a lesser sentence but for the Government's breach. *See id.* at 1432-33 & n.4. The record supports that Luis-Rodriguez would have received a similar above-guidelines sentence even if the Government had moved for the additional one-level reduction. The district court found that the circumstances in this case warranted an above-guidelines sentence and specifically identified the minimum sentence that it intended to impose for the illegal reentry offense, i.e., 60 months of imprisonment. The court noted that a lengthier sentence was justified but that the sentence was limited to 60 months because Luis-Rodriguez was subject to a consecutive term of imprisonment for his revocation. The record therefore supports that the court intended to impose a minimum of 60 months of imprisonment for the illegal reentry offense and that this intended sentence was not affected by the applicable guidelines range. Because Luis-Rodriguez has failed to establish that he would have received a lesser sentence if the court had

applied the one-level reduction, he has not shown that his substantial rights were affected by the Government's breach. *See id* at 1433 n.4.

Luis-Rodriguez also asserts that the sentence imposed was procedurally and substantively unreasonable. He argues that the district court procedurally erred by failing to use the proper guidelines range – i.e., the range that would have applied had the Government moved for the additional one-point reduction under § 3E1.1(b) – as a frame of reference. Luis-Rodriguez further contends that his sentence was substantively unreasonable because the district court based its sentence solely on Luis-Rodriguez's criminal history and recidivism and did not consider his medical condition and his motive for reentering the country, i.e., concern for the welfare of his mother. He also asserts that the sentence imposed was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Although these claims ostensibly are covered by the appeal waiver, we may consider them because the Government breached the plea agreement. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002).

This court reviews sentences for reasonableness by engaging in a bifurcated review. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). This court first examines whether the district court committed any significant procedural error. *Id.* at 51. If the district court's decision is procedurally sound, this court will then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* Although Luis-Rodriguez objected in the district court to the substantive reasonableness of his sentence, thereby rendering that claim subject to review for reasonableness under an abuse of discretion standard, *id.*, he did not object in the district court to the procedural reasonableness of his sentence. Accordingly, review of the procedural reasonableness claim is for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Luis-Rodriguez has not shown that the district court committed procedural error by not determining the guidelines range that would have applied if the Government had moved for a one-level reduction under § 3E1.1(b).  Because the district court could not award a third point for acceptance of responsibility absent a motion by the Government, and the Government did not make such a motion, the guidelines range that would have applied if the Government had moved for the reduction was not the proper guidelines range. *See United States v. Newson*, 515 F.3d 374, 377-78 (5th Cir. 2008); § 3E1.1, comment. (n.6).  Also, even if the Government had made the requisite motion, the district court was not required to grant the reduction; the district court retained discretion to decide whether the one-level reduction under § 3E.1.1(b) would apply even if it granted a two-level reduction under § 3E1.1(a) and the Government moved for the additional one-level reduction under § 3E.1.1(b).  *United States v. Williamson*, 598 F.3d 227, 229-30 (5th Cir. 2010).  The district court's failure to consider an inapplicable guidelines range does not constitute procedural error.

Luis-Rodriguez also has not demonstrated that the sentence imposed for the illegal reentry was substantively unreasonable.  In pronouncing sentence, the district court noted that its upward variance was justified in light of Luis-Rodriguez's extensive criminal history and recidivism; his prior conviction of an illegal reentry offense; his refusal to show respect for the laws of the United States; the inability of prior terms of imprisonment to deter him from criminal conduct; and his history and characteristics of continuing to commit offenses.  Thus, the district court made an individual assessment and concluded that the advisory guidelines range gave insufficient weight to some of the sentencing factors.  *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008); § 3553(a).  The court cited fact-specific reasons for imposing a non-Guidelines sentence, and its reasons for imposing a variance adequately reflected the § 3553(a) sentencing factors.  *See United States v. Tzep-Mejia*, 461 F.3d 522, 527

(5th Cir. 2006). Accordingly, the record supports that Luis-Rodriguez's above-guidelines sentence was reasonable "under the totality of the relevant statutory factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

Furthermore, the record supports that the district court considered Luis-Rodriguez's medical condition and his motive for returning to the country and concluded that those factors did not outweigh other sentencing matters justifying an upward variance. The sentencing judge's assessment of the § 3553 factors is entitled to deference, and we may not reweigh the § 3553(a) factors or reverse a sentence because we might reasonably conclude that a different sentence is proper. *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). With respect to the extent of the difference between Luis-Rodriguez's guidelines range and the sentence imposed, this court has affirmed comparable – and more significant – differences. *See United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008); *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005).

To the extent that Luis-Rodriguez argues that the 21-month revocation sentence magnifies the unreasonableness of his 60-month sentence for the illegal reentry offense, a revocation sentence based on a separate conviction has no bearing on the reasonableness of the sentence imposed for the most recent conviction. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008). The 21-month revocation sentence was within the range recommended by the policy statements found in Chapter Seven of the Guidelines, as well as the statutory maximum, and the consecutive nature of the sentence is expressly authorized. *See* 18 U.S.C. §§ 3583(e)(3), 3584; U.S.S.G. §§ 7B1.4(a), 7B1.3(f)

The judgments of the district court are AFFIRMED.