# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-20870
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 18, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANGEL GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-84-2

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Angel Gonzalez appeals his guilty-plea conviction of possessing with the intent to distribute approximately five kilograms of cocaine. He argues that his guilty plea was not knowingly and voluntarily entered because the district court failed to comply with Federal Rule of Criminal Procedure 11, that the Government breached his plea agreement, and the district court violated his rights under the Sixth Amendment by denying his requests for self-representation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzalez did not raise any of his appellate arguments in the district court. Accordingly, this court will review the district court's actions for plain error only. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To prevail on plain-error review, Gonzalez must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If those factors are established, the decision to correct the forfeited error is within this court's sound discretion, and that discretion will not be exercised unless the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See id.*

At Gonzalez's rearraignment hearing, the district court committed obvious error by failing to advise Gonzalez of the minimum or maximum terms of imprisonment that could be imposed for his offense. *See United States v. Carreon-Ibarra*, 673 F.3d 358, 364 (5th Cir. 2012); *United States v. Molina*, 469 F.3d 408, 412 (5th Cir. 2006). However, Gonzalez has not established reversible plain error because he has not demonstrated a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez-Benitez*, 542 U.S. 74, 83 (2004).

The Government did not honor its plea agreement promise to recommend that Gonzalez receive "full credit for acceptance of responsibility." However, any breach of the plea agreement does not constitute reversible plain error. Even if the Government had moved for a reduction in Gonzalez's offense level pursuant to U.S.S.G. § 3E1.1(b), Gonzalez has not shown that the district court would have granted the motion or that it would have resulted in a shorter sentence. *See United States v. Williamson*, 598 F.3d 227, 230-31(5th Cir. 2010).

Finally, Gonzalez has not shown error, plain or otherwise, in his allegation that the district court violated his Sixth Amendment right to self-representation. Gonzalez made three unequivocal requests to proceed pro se. In each instance, the district court held a hearing, and Gonzalez clearly withdrew his request.

AFFIRMED.