PER CURIAM.
Tristan Davis repeatedly gave false addresses when purchasing guns, six of which were later recovered from persons who could not lawfully possess them-. Davis contends that the guns were stolen from him. He pleaded guilty to two counts of lying to gun dealers. 18 U.S.C. §§ 922(a)(6), 924(a)(1)(A). Other charges were dismissed as part of a plea bargain.
Davis was sentenced to 18 months’ imprisonment. His offense level, and perhaps the sentence too, would have been lower had the district judge given him a three-level reduction for accepting responr sibility by pleading guilty. It deducted only two levels, because the prosecutor declined to move for the subtraction of a third level under U.S.S.G. § 3El.l(b). The prosecutor wanted Davis to waive his right to appeal, and his refusal to do that led the prosecutor to withhold the motion. Davis contends that a motion from the prosecutor is mandatory whenever the defendant pleads guilty early enough to spare the prosecutor the burden of trial preparation, but he acknowledges that we rejected that contention in United States v. Deberry, 576 F.3d 708 (7th Cir.2009), which holds that § 3E1.1(b) confers an entitlement on the prosecutor, not on the defendant. In this respect § 3El.l(b) functions like the prosecutor’s entitlement to move for a below-minimum sentence. See U.S.S.G. § 5K1.1. The prosecutor may withhold such a motion for any reason that does not violate the Constitution. Wade v. United States, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Deberry concluded that § 3El.l(b) should be understood the same way, with the same limit.
Two courts of appeals have sided with Davis’s contention that a court may direct the prosecutor to file a motion under § 3El.l(b) even if the prosecutor’s reason for withholding that motion, does not violate the Constitution. United States v. Lee, 653 F.3d 170, 174-75 (2d Cir.2011); United States v. Divens, 650 F.3d 343, 346-47 (4th Cir.2011). Four courts of appeals have reached the same conclusion as Deberry. United States v. Collins, 683 F.3d 697 (6th Cir.2012); United States v. Johnson, 581 F.3d 994, 1003 (9th Cir.2009); United States v. Beatty, 538 F.3d 8, 16-17 (1st Cir.2008); United States v. Newson, 515 F.3d 374, 378-79 (5th Cir.2008). This circuit could not eliminate the conflict by changing sides, so stare decisis supports standing pat. Resolution of this conflict is the province of the Supreme Court or the Sentencing Commission. See Buchmeier v. United States, 581 F.3d 561, 566 (7th Cir.2009) (en banc).
Affirmed