# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 13-11007

———————

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ARMELINDA CASTILLO, also known as Irma Castillo,

      Defendant - Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2015

Lyle W. Cayce
Clerk

Before BENAVIDES, PRADO, and GRAVES, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:

This is a direct criminal appeal in which Appellant Armelinda Castillo ("Castillo") challenges only her sentence. Castillo contends that the district court erred in failing to reduce her offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). We vacate her sentence and remand the case to allow the district court to determine in the first instance whether her challenge to the amount of funds stolen was made in good faith.

No. 13-11007

## I.    BACKGROUND

Castillo was employed by Westex Federal Credit Union ("WFCU") in Lubbock, Texas.  Beginning in April of 2009 and continuing until April 2012, she embezzled cash from WFCU's vault.  Castillo pleaded guilty to misapplication of bank funds in excess of $1,000 by a bank employee in violation of 18 U.S.C. § 656.

Pursuant to U.S.S.G. § 2B1.1(a)(1)(A) & (B), the base offense level was 7.  The Presentence Report ("PSR") provided that Castillo had stolen $690,000, and thus added 14 levels because the amount of funds stolen exceeded $400,000, but was less than $1,000,000.    U.S.S.G. § 2B1.1(b)(1)(H).  Pursuant to U.S.S.G. § 3E1.1(a), the PSR recommended a two-level reduction for acceptance of responsibility based on Castillo's timely guilty plea that permitted the government to avoid preparing for trial.  PSR ¶ 28.  The PSR further provided that at sentencing, the "government will formally move the Court to grant the additional 1-level reduction" for acceptance of responsibility pursuant to § 3E1.1(b).  *Id.* The government had no objections to the PSR.  Castillo, however, filed written objections, denying that she had confessed to taking $690,000.  Instead, she claimed that the "evidence only establishes by a preponderance that the amount was greater than $70,000 but less than $120,000."  Thus, she argued that the offense level should only be increased by 8 levels pursuant to § 2B1.1(b)(1)(E).

On August 30, 2013, at the sentencing hearing, Castillo disputed the government's allegation that she had stolen $690,000, and called witnesses to support her contention that she had stolen less than

No. 13-11007

$120,000.[1]  Castillo testified that although she was not sure exactly how much money she had stolen, it was "nowhere near" $690,000.  After the district court found by preponderance of the evidence that the amount of loss was $690,000, the government declined to move for the additional one-level reduction in the offense level under § 3E1.1(b), stating that "it's the United States' opinion that we have, in essence, been taken to the task of trial.  We have saved no effort, no judicial resources.  We have spent a day in court discussing the loss amount."  Castillo objected, stating that she had accepted responsibility by pleading guilty and willingly talking to the bank investigator and the police.  Castillo claimed that she took "responsibility for [the amount of money] she believe[d] she actually took."  The district court expressly agreed with the government and denied the additional, one-level reduction for acceptance of responsibility under § 3E1.1(b).

At the time of Castillo's sentencing, this Court had held that the government's decision to refuse to move for the additional reduction under § 3E1.1(b) was reviewable on appeal only to determine whether the refusal to so move was based on an unconstitutional motive or was not reasonably related to a legitimate government end.  *United States v. Newson,* 515 F.3d 374, 378 (5th Cir. 2008), *abrogated by United States v. Palacios*, 756 F.3d 325 (5th Cir. 2014) (per curiam).  Additionally, this Court had concluded that the defendant's refusal to waive his appellate rights was a proper basis for the government to refuse to move for an

---

[1] The factual resume signed by both parties provides that Castillo misapplied and embezzled bank funds in excess of $1,000.

3

No. 13-11007

additional reduction in offense level because it was rationally related to the purpose of § 3E1.1 and is not an unconstitutional motive. *Id.*

After Castillo had filed a notice of appeal, Amendment 775 to the sentencing guidelines became effective on November 1, 2013. U.S. Sentencing Guidelines Manual app. C, Amendment 775 (Nov. 1, 2013). Amendment 775 resolved a circuit split regarding whether a defendant's refusal to waive his right to appeal was an interest identified in § 3E1.1 such that the government could rely on it to decline to move for the offense-level reduction under § 3E1.1(b). Amendment 775 provides that the "government should not withhold [a § 3E1.1(b)] motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." In a footnote in its brief, the government recognized the amendment, but asserted that it was inapplicable because it became effective months after Castillo's sentencing. The government further argued that, even if it was a clarifying (as opposed to substantive) amendment, it would not preclude the government's refusal to move for a reduction because the commentary expressly discusses efficient allocation of resources by the government and the court.

Subsequently, however, on February 27, 2014, the government filed a Federal Rule of Appellate Procedure Rule 28(j) letter in this Court noting that the Solicitor General had taken a contrary position before the Supreme Court, conceding that Amendment 775 is a clarifying amendment. Thus, Castillo is entitled to the benefit of the amendment even though it was not in effect at the time of her sentencing. In the Rule 28(j) letter, the government nonetheless stated that Castillo's sentence

4

should be affirmed regardless of whether Amendment 775 is clarifying or substantive. As the government points out, Castillo was not denied the reduction because she refused to waive her appellate rights. Instead, the government refused to move for the one-level reduction because her objection to the amount of loss "required the government to prove the full scope of her offense in a day-long hearing and evidenced a lack of complete acceptance of responsibility for her offense." Thus, the government argues that the reason for the refusal was based on interests identified in § 3E1.1, which is what is required by Amendment 775.

On May 21, 2014, this Court, relying on Amendment 775, issued an opinion holding that the government cannot withhold a sentence reduction for acceptance of responsibility based on the defendant's refusal to waive his right to appeal. *Palacios,* 756 F.3d at 326. In a footnote, this Court explained that all active judges had assented to the opinion and that the *en banc* Court therefore concluded that "*Newson*— to the extent it may constrain us from applying Amendment 775 to cases pending on direct appeal under our rule of orderliness—is abrogated in light of Amendment 775." *Id.* at 326 n.1.[2] We now turn to Castillo's challenge to the district court's denial of a one-level reduction for acceptance of responsibility pursuant to § 3E1.1(b).

---

[2] On September 4, 2014, this Court directed counsel for both parties to file supplemental letter briefs addressing the impact or effect of *Palacios* on the issue raised in this appeal. The attorneys have filed their supplemental letter briefs, which are discussed below.

No. 13-11007

II.    Denial of Additional Offense Level Reduction
for Acceptance of Responsibility, U.S.S.G. § 3E1.1(b)

Castillo contends that the district court erred in failing to reduce her offense level under § 3E1.1(b).  We review the district court's legal interpretation of the Sentencing Guidelines *de novo* and factual findings for clear error.  *United States v. Murray*, 648 F.3d 251, 254 (5th Cir. 2011).  A factual finding is clearly erroneous only if, based on the entirety of the evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made.  *United States v. Valdez*, 453 F.3d 252, 262 (5th Cir. 2006).

Section 3E1.1(a) provides that if a "defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."  Castillo received that two-level reduction and that reduction is not before us on appeal.  Section 3E1.1(b) provides that the offense level may be reduced an additional level if the government moves for such a reduction and represents that the defendant "has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

As previously set forth, the PSR recommended that Castillo's offense level be reduced pursuant to both subsections 3E.1.1(a) and (b).  The PSR also provided that the prosecutor had represented that "[a]t the time of sentencing, the government will formally move the Court to grant the additional 1-level reduction."  PSR ¶ 28.  The government filed a

6

statement with the court that it had no objections to the PSR and that it "hereby adopt[ed] it."[3]   However, Castillo filed objections to the PSR (including the instant objection to the amount of funds stolen) and requested the court to permit introduction of evidence on the objections. At the sentencing hearing, the government refused to move for the additional, one-level reduction under § 3E1.1(b) because Castillo had contested the amount of funds listed in the PSR.[4]   Castillo objected, stating that she took responsibility for the amount of funds she believed that she had actually stolen.   The district court agreed with the government and denied the additional, one-level reduction for acceptance of responsibility under § 3E1.1(b).

Castillo contends that it was error to deny her the one-level reduction based on her challenging the amount of funds attributed to her offense conduct at the sentencing hearing.   Both parties recognize that Amendment 775 applies to the instant appeal. *See Palacios*, 756 F.3d at 326.   In part, Amendment 775 provides:  "The government should not withhold such a motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." *Accord* U.S.S.G. § 3E1.1 cmt. n.6.   Both parties also agree that the determinative question is whether Castillo's contesting the amount of stolen funds implicated an interest identified in § 3E1.1.   However, the government and Castillo disagree with respect to whether the interest

---

[3] Section 3E1.1 was not mentioned in the plea agreement.

[4] Indeed, the government argued that "perhaps even acceptance of responsibility of the other 2 points . . . should not be given at this time." *See* § 3E1.1(a).  However, the district court accepted the PSR's recommendation to grant the two-level reduction, and the government has not appealed that ruling.

No. 13-11007

must be identified only in subsection (b) of § 3E1.1. More specifically, the government contends that it may rely on interests identified in either subsections (a) and (b) of § 3E1.1 to withhold a motion for a reduction under § 3E1.1(b). In contrast, Castillo argues that the government may only rely upon interests identified in subsection (b) of § 3E1.1. Therefore, we first address the threshold question whether the government may consider factors in § 3E1.1(a) in withholding a motion under § 3E1.1(b).

Castillo argues that "[n]o legitimate argument can be made for why contesting the loss amount at a sentencing hearing is distinguishable from a failure to waive the right to appeal, which Amendment 775 exemplifies as an interest that is not within those interest[s] identified in § 3E1.1(b)." Supp. Letter Br. 2. Castillo relies on this Court's opinion in *United States v. Tello*, 9 F.3d 1119 (5th Cir. 1993). In that case, the district court refused the additional one-level reduction because Tello had committed obstruction of justice by lying to the probation officer about his criminal history. *Id.* at 1121. Construing a prior version of the Application Note, this Court held that the sentencing court was limited to the considerations set forth in § 3E1.1(b) in determining whether to grant the additional, one-level reduction for acceptance of responsibility. *Id.* at 1128–29. More specifically, the considerations were whether Tello's lying to the probation officer (1) caused the government to prepare for trial, or (2) interfered with the court's efficient management of its own schedule. *Id.* at 1123–24, 1125–26. This Court determined that Tello's lying implicated neither of those two concerns, and thus, even though Tello's lying caused the probation officer to spend more time on the investigation for the PSR, we rejected that as a proper basis for denying

No. 13-11007

the additional one-level reduction under § 3E1.1(b). Accordingly, in *Tello*, we held that the "sentencing court is limited to the considerations in § 3E1.1(b) to determine whether to grant the reduction." *United States v. Williamson*, 598 F.3d 227, 230 n.3 (5th Cir. 2010).

However, as previously set forth, in 2013, twenty years after *Tello*, the Sentencing Commission issued Amendment 775, which is "codified" in the commentary to § 3E1.1. *See* § 3E1.1 cmt. n.6. The government argues that this guideline commentary allows it to consider interests identified in § 3E1.1 generally and does not restrict the government to identifying interests only in § 3E1.1(b).[5] We agree. The amended commentary instructs that the "government should not withhold such a motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." § 3E1.1 cmt. n.6. The plain language of the commentary thus allows the government to refuse to file a § 3E1.1(b) motion based on an interest that is identified in § 3E1.1, without regard to which subsection contains the interest. The commentary does not prohibit the government from identifying an interest in § 3E1.1(a) and relying on that interest as a basis to refuse to

---

[5] The government also contends that Castillo's heavy reliance on *Tello* is misplaced because it involved a former version of § 3E1.1(b), and, unlike the version in *Tello*, the current version requires a government motion as a prerequisite to the court's granting the additional reduction. Although the current version does require a motion to be made by the government, that requirement is of no moment here because the issue is whether the government refused to make such a motion on an impermissible basis. *See Palacios*, 756 F.3d at 326 (holding that the government's refusal to file a motion for the one-level reduction based on interests not identified with § 3E1.1(b) was error that required resentencing). The key difference between the provision *Tello* construed and the amended guidelines is the instruction that the government may not withhold a motion based on "interests not identified in § 3E1.1." § 3E1.1 cmt. n.6. This is the provision we construe here today—a provision absent from the prior version of the commentary.

9

No. 13-11007

file a § 3E1.1(b) motion. Sentencing guideline commentary is binding and is "equivalent in force to the guideline language itself, as long as the language and the commentary are not inconsistent." *United States v. Rayo-Valdez,* 302 F.3d 314, 318 n.5 (5th Cir. 2002). Thus, we conclude that the government may withhold a § 3E1.1(b) motion based on an interest identified in either subsection (a) or (b) of § 3E1.1.[6]

---

[6] We note that the partial dissent states that "we are constrained by *Tello's* explicit holding that a post-plea, sentencing objection is simply not a valid basis to deny a § 3E1.1(b) reduction." Dissenting Op. at 4. As previously set forth, in *Tello*, this Court held that the sentencing court was limited to the considerations set forth in § 3E1.1(b) in determining whether to grant the additional, one-level reduction for acceptance of responsibility." Majority Op., *supra*, at 8. However, *Tello* is not controlling on this point because the Sentencing Commission subsequently amended the guideline commentary to allow the government to refuse to file a § 3E1.1(b) motion based on interests identified under either subsections (a) or (b) of 3E1.1. *Id.* at 9–10.

The partial dissent argues that because a reduction under § 3E1.1(a) is a prerequisite for the government's motion under § 3E1.1(b), the defendant's acceptance of responsibility under (a) is a settled matter by the time the government is debating whether to move for an additional reduction under (b). Therefore, the argument goes, the factors indicating acceptance of responsibility under (a)—such as those articulated in Application Note 1 to the guideline—are only for the court, and not for the government, to consider. However, this argument runs against the plain text of Application Note 6, which only restricts the government from relying on "interests not identified in § 3E1.1" without mentioning a subsection. Had the Sentencing Commission intended to restrict the government's discretion to factors identified in subsection (b), it could have spoken with greater specificity—as it did in Application Notes 1, 3 and even parts of 6, as well as in the commentary to other guidelines.

Moreover, the PROTECT Act, which amended § 3E1.1, was designed to safeguard the government's discretion whether to move for the reduction, and the court's discretion whether to grant it. *See* U.S.S.G. supp. to app. C, amend. 775, at p. 46 (2013) (citing U.S.S.G. § 3E1.1 cmt. n. 6 (the third level of reduction "may only be granted" upon a formal motion by the government); H.R. Rep. No. 106–66, at 59 (2003) (Conf. Rep.) (stating that the PROTECT Act amendment would "only allow courts to grant an additional third point reduction for 'acceptance of responsibility' upon motion of the government")). The PROTECT Act went so far as to expressly invalidate any future Sentencing Commission commentary that might curtail the government's discretion. *See* Pub. L. No. 108-21, §§ 401(g) (amending § 3E1.1(b) and Note 6), 401(j) ("At no time may the Commission promulgate any amendment that would alter or repeal the amendments made by subsection (g) of this section."). A broad reading of Amendment 775 bolsters both actors' discretion. By contrast, a narrow reading risks making the motion virtually compulsory when the defendant timely pleads guilty, contrary to one of the expressed purposes of the PROTECT Act.

10

No. 13-11007

We turn next to whether Castillo's objection to the PSR's drug-quantity determination implicated an "interest identified in § 3E1.1." With respect to § 3E1.1(b), the government argues that one of the identified interests is the preservation of governmental and judicial resources when a defendant foregoes litigation and thus, Castillo's challenge to the relevant conduct at the sentencing hearing was a permissible reason to refuse to file a § 3E1.1(b) motion.  The current version of § 3E1.1(b) added the following italicized language:  "thereby permitting the government to avoid preparing for trial and permitting *the government and* the court to allocate *their* resources efficiently." Accordingly, although the current version of the guideline refers to efficient allocation of governmental resources, it does so only in the context of preparing for trial.  Moreover, the commentary to § 3E1.1 refers only to the government's being able to "avoid preparing for trial." § 3E1.1 cmt. n.6.  The commentary makes no reference to the government preparing for a sentencing hearing.  Therefore, we disagree that the government may withhold a § 3E1.1(b) motion simply because it has had to use its resources to litigate a  sentencing issue.

Additionally, there are two out-of-circuit opinions that reject the government's argument in the context of determining that a defendant's refusal to waive his appeal was not a proper basis to deny a § 3E1.1(b) reduction.  As previously set forth, we have held that the government may not withhold a § 3E1.1(b) motion based on a defendant's refusal to waive his appeal.  *Palacios*, 756 F.3d at 326.  Nonetheless, we look to these two opinions because we find their analyses applicable to the instant issue.  In Amendment 775, the Sentencing Commission referred

to these two opinions, stating the opinions were consistent with its conclusion that the refusal to waive an appeal is an interest not identified in § 3E1.1. In the first opinion, the Fourth Circuit recognized that the guideline identified resource allocation and trial avoidance as interests and explained that the syntax of § 3E1.1(b) demonstrates that those interests must only be furthered by timely notifying the authorities that he intends to plead guilty. *United States v. Divens*, 650 F.3d 343, 348 (4th Cir. 2011). More specifically, the Court explained that the phrase that mentioned resource allocation and trial avoidance referred back to the requirement that the defendant timely notify authorities of his intent to plead guilty. *Id.* The second opinion was a concurring opinion written by Judge Rovner of the Seventh Circuit. *United States v. Davis*, 714 F.3d 474, 476 (7th Cir. 2013) (Rovner, J., concurring). In his concurring opinion, Judge Rovner stated that § 3E1.1 and its "commentary focus explicitly and exclusively on avoiding the need to prepare for trial (and clearing the district court's trial calendar). No proceeding or event that might occur later is mentioned or even hinted at." *Id.* at 479. Thus, like the Fourth Circuit, Judge Rovner concluded that a defendant waiving his right to appeal was not identified as an interest implicating the preservation of governmental or judicial resources as set forth in § 3E1.1(b).

Moreover, the Second Circuit rejected the government's argument in the context of a defendant's challenging factual findings in the PSR, which is indistinguishable from the instant case. Relying on the Fourth Circuit's opinion in *Divens*, the Second Circuit opined that it was equally impermissible for the government to refuse to move for the § 3E1.1(b)

reduction based on either (1) a defendant's challenge to a factual finding in the PSR or (2) a defendant's refusal to waive his right to appeal. *United States v. Lee*, 653 F.3d 170, 173–75 (2d Cir. 2011).    More specifically, in *Lee*, the government refused to move for the reduction because it had to prepare for a hearing to respond to a defendant's challenge to a factual finding in the PSR that the defendant had threatened to kill certain drug couriers. *Id.* at 173. The Second Circuit reasoned that the "plain language of § 3E1.1(b) refers only to the prosecution resources saved when the defendant's timely guilty plea 'permit[s] the government to avoid preparing *for trial*.'" *Id.* at 174 (alteration and emphasis in original). The court stated that while the defendant challenged certain findings in the PSR and requested a hearing, it was undisputed that his plea of guilty was timely and that the government did not have to prepare for trial. *Id.* Thus, the language in § 3E1.1(b) did not justify the government's refusal to move for the reduction. *Id.* Likewise, the commentary to § 3E1.1 "refer[s] only to the government's ability 'to determine whether the defendant has assisted authorities in a manner that avoids preparing *for trial*.'" *Id.* (quoting § 3E1.1 cmt. n. 6) (emphasis in original). The Second Circuit further opined that a defendant has a due process right to challenge errors in the PSR that affect his sentence. *Id.* Thus, according to the Second Circuit, if the defendant has a good faith dispute as to the accuracy of the factual findings in the PSR, it is impermissible for the government to refuse to move for a reduction simply because the defendant requests a hearing to litigate the objection. *Id.*

No. 13-11007

The Sentencing Commission expressly recognized the Second Circuit's reasoning in *Lee*. As previously set forth, Amendment 775 followed the Fourth Circuit's holding in *Divens*, that a defendant's refusal to waive his right to appeal is not a reason identified in § 3E1.1. 650 F.3d at 348. Amendment 775 also stated that the Second Circuit had opined that the "Fourth Circuit's reasoning in *Divens* applies 'with equal force' to the defendant's request for an evidentiary hearing on sentencing issues." Amendment 775 at 45 (quoting *Lee*, 653 F.3d at 175). We interpret Amendment 775's citing of the holding in *Lee* as implicitly endorsing it. Because the Second Circuit relies on the plain language of the guideline and its commentary, and the Sentencing Commission favorably cited that holding, we are persuaded to follow its analysis. More specifically, we hold that if the defendant has a good faith dispute as to the accuracy of the factual findings in the PSR, it is impermissible for the government to refuse to move for a reduction under § 3E1.1(b) simply because the defendant requests a hearing to litigate the dispute. Both this conclusion and its converse find additional support in the text of § 3E1.1. Specifically, the guideline commentary provides that "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility. § 3E1.1 cmt. n.1(A).

It is not clear that Castillo has shown that the government's refusal to file a § 3E1.1(b) motion is impermissible under the circumstances of this case. As set forth above, we hold that it is impermissible for the government to refuse to move for a reduction if the defendant has a *good faith* dispute. Here, the government argues that Castillo's challenge to

14

the amount of loss was apparently "insincere and certainly unnecessary, as the evidence readily supported the PSR's figure and *Castillo had admitted that loss amount no less than three times to a detective and additionally to at least one other person*." Supp. Letter Br. 5 (emphasis in original). In other words, the government is arguing that Castillo's challenge to the amount of money stolen was not made in good faith. Thus, the government contends that Castillo has failed to fully accept responsibility for her offense, which is an interest identified in § 3E1.1(a) and its commentary.

As the government points out, the record demonstrates that Castillo had admitted several times that she had stolen $690,000.[7] This Court, however, is not a fact-finder. Accordingly, we vacate the sentence and remand to allow the district court to determine in the first instance whether Castillo's challenge to the amount of funds stolen was made in good faith. If the district court determines that her challenge to the amount of funds was not made in good faith, then it was not error for the government to refuse to move for the additional one-level reduction under § 3E1.1(b). On the other hand, if the court determines that Castillo's challenge to the amount of stolen funds was made in good faith, then her challenge does not constitute a permissible basis for refusing to move for the reduction.

Alternatively, the government argues that even if it erred in refusing to move for the reduction, the district court expressly agreed

---

[7] At the sentencing hearing, Castillo admitted that she had told an investigator that she believed she had embezzled about $690,000. A detective testified that Castillo told him on at least three occasions that she stole $690,000.

with the government, and thus, the court would not have granted Castillo the reduction.   Therefore, the government argues that any error was harmless.  This argument is without merit.  If the government's reason for refusing to move for a reduction in Castillo's offense level was impermissible, the district court's agreement with the government's position does not render the error harmless.   This Court's precedent provides:

> [A] sentencing error may not be found harmless unless the proponent of the sentence proffer[s] sufficient evidence to convince the appellate court that the district court would have imposed the same sentence, absent the error.  To satisfy that burden, the proponent must point to evidence in the record that will convince us that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error.

*United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010) (second alteration in original) (internal quotation marks and footnotes omitted).

Here, without the additional one-level reduction for acceptance of responsibility under § 3E1.1(b), Castillo's offense level was 19 with a criminal history category of I, which provides a sentencing guideline range of 30-37 months of imprisonment.  With the reduction, the offense level would have been 18, which provides a range of 27-33 months of imprisonment.  The district court sentenced Castillo to 37 months, the top of the higher guideline range, and thus, but for the alleged error, the sentence imposed by the court was not within the applicable guideline range.   The government points to no evidence in the record that demonstrates that the district court would have imposed the same

sentence absent the error.  Accordingly, the government has not shown that the alleged error was harmless.

## III.  CONCLUSION

For the above reasons, Castillo's sentence is VACATED, and the matter is REMANDED to the district court for proceedings not inconsistent with this opinion.

No. 13-11007

JAMES E. GRAVES, JR., Circuit Judge, concurring in part and dissenting in part:

I agree substantially with the factual summary and legal analysis in the majority opinion. I, therefore, concur in part with the conclusion to vacate Castillo's sentence. However, I dissent in part from the conclusion to remand for a determination of whether Castillo's sentencing objection was made in good faith. In my view, a post-plea, sentencing objection is simply not a valid basis upon which the government may withhold a § 3E1.1(b) motion. Thus, I conclude that Castillo is undeniably entitled to the § 3E1.1(b) reduction and the remand should be for resentencing.

Section 3E1.1(b) states the following:

If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct *by timely notifying authorities of his intention to enter a plea of guilty, thereby* permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by **1** additional level.

U.S.S.G. § 3E1.1(b) (emphasis added). Therefore, the plain language of the guideline indicates that if a defendant has a sufficiently high offense level and has received a decrease under subsection (a), she should also receive a reduction under subsection (b), if she has entered a timely guilty plea. Indeed that was the conclusion of this court in *United States v. Tello*, 9 F.3d 119 (5th Cir. 1993). In *Tello*, we held that a post-plea, post-conviction objection is not a proper basis to deny a § 3E1.1(b) reduction because it in no way requires the government to prepare for trial. *Id.* at 1125–27. We explained that "the core purpose of subsection (b) . . . is not . . . concerned at all with *when* the defendant

18

*begins to serve* h[er] sentence; it is concerned with when there is certainty that–sooner or later–the defendant *will be* punished." *Id.* at 1126.

Despite our precedent indicating that the focus of the § 3E1.1(b) reduction is on the timely entry of a guilty plea, in *United States v. Newson*, 515 F.3d 374 (5th Cir. 2008), this court held that a defendant's refusal to waive her right to appeal was a permissible basis upon which the government could refuse to move under § 3E1.1(b). The Fourth Circuit disagreed with us in *United States v. Divens*, 650 F.3d 343 (4th Cir. 2011), and emphasized that the government's discretion in choosing whether to move under § 3E1.1(b) was limited to a determination of whether the defendant entered a timely plea of guilty. *Id.* at 346–48 ("Section 3E1.1(b) thus instructs the Government to determine simply whether the defendant has 'timely' entered a 'plea of guilty' and thus furthered the guideline's purposes in that manner. It does not permit the Government to withhold a motion for a one-level reduction because the defendant has declined to perform some other act to assist the Government."). The Second Circuit agreed with the Fourth Circuit in *United States v. Lee*, 653 F.3d 170 (2d Cir. 2011). The Second Circuit explained that the Fourth Circuit's observations that the government's discretion was limited to considerations surrounding guilty pleas "appl[ied] with equal force" to its holding that a post-plea, sentencing objection was an invalid basis for the denial of a § 3E1.1(b) reduction. *Id.* at 174–75.

Following the filing of Castillo's appeal, Amendment 775 to the Sentencing Guidelines became effective. Amendment 775 noted approval of *Divens* and implicitly indicated disapproval of *Newson*. *See* U.S.S.G., supp. to app. C, amend. 775, at pp. 43–46 (2013); *accord* U.S.S.G. § 3E1.1 cmt. n.6. The amendment clarified § 3E1.1(b) by adding an additional sentence stating, "[t]he government should not withhold such a motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her

right to appeal." *Id.* Accordingly, in *United States v. Palacios*, 756 F.3d 325 (5th Cir. 2014), we recognized that the government could not withhold a § 3E1.1(b) motion due to the defendant's failure to waive her appellate rights. *Id.*

Clearly, the focus of a § 3E1.1(b) reduction motion is the timely entry of a guilty plea. Therefore, a sentencing objection is an impermissible basis for denying the additional reduction. The analysis should end there. But the majority adds the requirement that a defendant demonstrate that her post-plea sentencing objection is made in "good faith" in order to receive the reduction. Apparently, the majority reads the Second Circuit's decision in *Lee* to state that the plain language of § 3E1.1(b) disallows the denial of a § 3E1.1(b) reduction on the basis of a post-plea, sentencing objection, so long as that objection is made in good faith. The majority also "interpret[s] Amendment 775's citing of the holding in *Lee* as implicitly endorsing" a good faith requirement. I disagree.

To the extent that we are to consider the Second Circuit's opinion in *Lee*, I am not convinced that it institutes a good faith requirement. Notably, the court in that case adopted the plain language ruling of the Fourth Circuit in *Divens*.[8] *See Lee*, 653 F.3d at 175 (stating that the observations of the Fourth Circuit, that § 3E1.1(b) instructs the government to determine *simply* whether

---

[8] While the *Lee* court does mention a good faith requirement, it is most properly read as involving only that court's conclusion that the government's refusal to move for an additional level of reduction due to a post-plea, sentencing objection was an unconstitutional violation of due process. *See id.* at 174 ("[A] defendant . . . has a due process right to reasonably contest errors in the PSR that affect his sentence. . . . A defendant should not be punished for doing so. If there is a good faith dispute as to the accuracy of factual assertions in the PSR, the defendant's request that the dispute be resolved is not a permissible reason for the government to refuse to make the § 3E1.1(b) motion[.]"). Because the *Lee* court provided three reasons for why the government's refusal to move was unlawful, the first of which being the plain language interpretation adopted from *Divens*, we have no reason to reach the constitutional question in the case at hand and therefore, no reason to insert a good faith requirement.

the defendant's guilty plea was timely, applied with "equal force"). Furthermore, in *Lee*, the Second Circuit did not remand for a determination of good faith but instead remanded for resentencing. *Id.* This was in spite of Lee's challenge to the PSR's findings, which the district court found to be without merit. *See id.* at 172. And insofar as Amendment 775 endorses the Second Circuit's conclusions in *Lee*, it did not include a good faith requirement in its characterization of *Lee*'s holding. U.S.S.G., supp. to app. C, amend. 775, at pp. 43–46 (2013) ("The Second Circuit, stating that the Fourth Circuit's reasoning in *Divens* applies 'with equal force' to the defendant's request for an evidentiary hearing on sentencing issues, held that the government may not withhold a § 3E1.1(b) motion based upon such a request."). Moreover, we are constrained by *Tello*'s explicit holding that a post-plea, sentencing objection is simply not a valid basis to deny a § 3E1.1(b) reduction.

It further appears that the majority justifies its insertion of a good faith requirement on a notion that good faith is a consideration under subsection (a) and the government may consider factors under subsection (a) in deciding whether to move under subsection (b). The majority reaches this conclusion due to language added to the § 3E1.1(b) commentary by Amendment 775 that states, "The government should not withhold such a motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." U.S.S.G. § 3E1.1 cmt. n.6. The majority agrees with the government that because the Sentencing Commission did not specify that the motion should be based on interests identified in § 3E1.1(b) but instead stated it should be based on interests identified in § 3E1.1 (as a whole), the government is allowed to revisit its considerations in subsection (a) when deciding whether to move under subsection (b). This conclusion is contrary to a common sense reading of the guideline.

No. 13-11007

In order for the government to move under § 3E1.1(b), the court must have first determined that a reduction is warranted under § 3E1.1(a). *See* U.S.S.G. § 3E1.1(b) ("*If the defendant qualifies for a decrease under subsection (a), . . .* decrease the offense level by 1 additional level.") (emphasis added). Therefore, even if it were proper for the government to consider all of the considerations under § 3E1.1(a) before moving under § 3E1.1(b), by the time the government is considering a motion under subsection (b), those factors have already been considered in favor of the defendant. To read § 3E1.1(b) as allowing the government to negate findings under § 3E1.1(a) would lead to internally inconsistent results, i.e. a § 3E1.1(b) reduction being withheld because the factors for § 3E1.1(a) were not met, although the defendant received a § 3E1.1(a) reduction. Therefore, it is illogical, in my view, to derive a good faith requirement under § 3E1.1(b) by revisiting the factors considered under subsection (a).

Furthermore, as Castillo points out, if the government is allowed to revisit the factors under subsection (a) when deciding whether to move under subsection (b) then there would be no legitimate reason for the Sentencing Commission to declare that a failure to waive the right to appeal is an invalid basis upon which to withhold the motion. Under the majority's reasoning, one could argue that a defendant would need to have a "good faith" basis for not waiving her right to appeal in order to be entitled to the reduction. Yet, such a requirement was not inserted by the Sentencing Commission.

Thus, for the reasons outlined, I dissent from the reasoning in the majority opinion that leads it to reach a conclusion to remand for a determination of good faith. We should *simply* follow the clear language of the guideline and hold that the government may only consider *trial preparation* in deciding whether or not to move under subsection (b). In all other respects I concur.