# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10243

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALBERTO PAZ,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 3:12-CR-277-1

Before PRADO, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Appellant Alberto Paz challenges his sentence, contending that the government impermissibly withheld a one-level reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") § 3E1.1(b) because Paz refused to waive his right to appeal. Because we hold that drug use while on pretrial supervision is a legitimate reason for withholding a § 3E1.1(b) motion, we AFFIRM Paz's sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10243

However, we REMAND for the limited purpose of correcting a clerical error in the judgment.

Background

Alberto Paz was charged with two counts of intent to distribute cocaine and four gun-related infractions. Although initially released on pretrial supervision, Paz's release was revoked upon twice testing positive for cocaine and failing to submit a urine sample for testing.

Paz subsequently signed a document memorializing his intent to plead guilty to four counts of the indictment. By its terms it was not a formal plea agreement and did not obligate the government to move for a one-level reduction for acceptance of responsibility pursuant to § 3E1.1(b). According to the document, the "primary reason" the government would not move for the one-level reduction was Paz's refusal to waive his right to appeal.

The PSR likewise did not award Paz any offense-level reductions for acceptance of responsibility. It found that Paz's drug use while on pretrial supervision did not indicate he had accepted responsibility in accordance with § 3E1.1. Paz objected to the PSR's conclusions. He asserted that his guilty plea and admission of unlawful conduct both outweighed his pretrial violations, and he requested that the court grant him the two-level reduction for acceptance of responsibility pursuant to § 3E1.1(a). The government responded to Paz's objection by noting that "positive drug tests while on supervised release can be a reason to deny the defendant acceptance of responsibility."

Paz reiterated his opposition to the PSR's conclusions at sentencing and requested the two-level reduction, "and—if the government does not move for the third point—to reduce [the] offense level by one additional level pursuant to 18 U.S.C. § 3553(a)(6)." The government objected, again noting Paz's

continuing criminality.[1]  The district court agreed with Paz and granted the two-level reduction for acceptance of responsibility, stating that the court's policy was not to withdraw acceptance of responsibility when the defendant's pretrial drug use, like Paz's, stemmed from addiction.  However, the district court refused to grant the additional one-level reduction under § 3E1.1(b) because the government did not move for it.  Paz never argued that the government's motivation for withholding the motion was impermissible.  The court calculated Paz's total offense level as 28 and his Criminal History Category as III, warranting a sentence of 97 to 121 months.  It sentenced Paz to 120 months, and Paz timely appealed.

## Discussion

We review a district court's interpretation of the Guidelines de novo. *United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). However, if the appellant fails to preserve a claim for appeal, we review the sentence for plain error.  *United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also United States v. Torres–Perez*, No. 14-10154, ___ F.3d ___, 2015 WL 394105, at \*2 (5th Cir. Jan. 29, 2015) (error was preserved where the district court was aware of the defendants' argument that the government impermissibly withheld a § 3E1.1(b) motion and the court declined to grant the one-level reduction).  We need not decide this issue because even assuming arguendo that error was preserved, the government did not impermissibly withhold a one-level reduction under § 3E1.1(b), and the district court did not err by failing to award such a reduction.

---

[1] The government argued: "Mr. Paz hasn't stopped his criminal conduct. . . . We would argue that he hasn't withdrawn from criminal conduct and, therefore, is not entitled to the two-level reduction."

No. 14-10243

Section 3E1.1(a) empowers the district court to decrease a defendant's offense level by 2 levels if a "defendant clearly demonstrates acceptance of responsibility for his offense."  An additional one-level reduction may be granted pursuant to § 3E1.1(b) on the government's motion if the defendant "has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiency." Only the one-level reduction under § 3E1.1(b) is before us on appeal.

Paz argues that the government impermissibly withheld a § 3E1.1(b) motion because he refused to waive his right to appeal.  This court, in accordance with Amendment 775 to the Sentencing Guidelines, has held that the government may not withhold a motion for acceptance of responsibility on this basis.  *See United States v. Palacios*, 756 F.3d 325, 326 (5th Cir. 2014) (per curiam) (relying on U.S.S.G. supp. to app. C, amend. 775, at p. 43 (Nov. 1, 2013)); *see also* U.S.S.G. § 3E1.1 cmt. n.6 (2014) (codifying Amendment 775 in the Commentary to the Sentencing Guidelines).  While the government concedes that it mistakenly relied, in part, on Paz's refusal to waive his appellate rights, it argues that it also withheld the motion because Paz did not withdraw from criminal conduct while released on pretrial supervision.

The first question, then, is whether the government may refuse to move for a one-level reduction for acceptance of responsibility under § 3E1.1(b) on the ground that a defendant engaged in continuing criminal activity.  Paz argues that the government may only rely on interests identified in subsection (b) when deciding whether to withhold an additional one-level decrease for acceptance of responsibility, while the government contends that it may rely on interests identified in subsections (a) and (b).  That issue has been resolved

4

against Paz in our recent decision in *United States v. Castillo*, No. 13-11007, ___ F.3d ___, 2015 WL 818566, at *4 (5th Cir. Feb. 26, 2015).  In *Castillo*, we held that the open-ended language of Commentary Application Note 6, which does not limit the government to considering only factors enumerated in subsection (b), supports the government's argument.  *See id.*  Accordingly, we evaluate whether the government's concern about continuing criminal conduct is an interest identified in either subsections (a) or (b).  *Id.* at *5.

The Commentary to § 3E1.1 identifies interests that may be considered when evaluating whether a defendant is entitled to an offense-level reduction for acceptance of responsibility.  *See* U.S.S.G. § 3E1.1 cmt. n. 1.  One such interest is whether the defendant voluntarily terminated or withdrew from criminal conduct.  *Id.* at cmt. n. 1(B).  The government argues that Paz's drug use while on pretrial release constitutes continuing criminal activity and is a legitimate basis for withholding its § 3E1.1(b) motion.  We agree.  Case law is clear that drug use by a defendant while released on pretrial supervision is continuing criminal conduct and a legitimate basis for withholding an offense-level reduction for acceptance of responsibility.  *See e.g.*, *United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996); *United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996).  Thus, the government was within its right to withhold a § 3E1.1(b) motion in these circumstances.

That the government did in fact rely on Paz's pretrial drug use as a basis for withholding the § 3E1.1(b) motion is supported by the record.  Although the government did not state its reason for withholding the § 3E1.1(b) motion at sentencing, it repeatedly objected to reducing Paz's offense level under § 3E1.1 on the ground that that Paz's drug use demonstrated that he did not accept responsibility.  It concurred with the PSR, which declined to grant credit for acceptance of responsibility, and urged both in its response to Paz's objections

to the PSR and at sentencing that Paz's continuing criminal conduct was a basis for withholding any credit for acceptance of responsibility. While Paz is correct that the government stated that its "primary" reason for withholding the § 3E1.1(b) motion was Paz's refusal to waive his right to appeal, that statement implicitly supports the government's argument that it also relied on a secondary reason, such as Paz's pretrial drug use. Moreover, because the government has a valid basis to refuse to move for the additional point and we have no basis to force the government to so move, vacating the sentence and remanding would be futile. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000); *cf. United States v. Anguilo–Gonzalez*, 210 F.3d 367, 2000 WL 293469, at *1 (5th Cir. 2000) (unpublished) (declining to vacate and remand for resentencing when it would be "an exercise in futility"); *United States v. Forney*, 9 F.3d 1492, 1503 (11th Cir. 1993) ("Since Forney's only possibility of a downward departure is through the government's 5K1.1 motion, which the government has verified that it will not make, remand for resentencing in this case would serve no purpose and would thwart judicial efficiency because Forney's sentence would be unchanged."). Accordingly, we affirm Paz's sentence.

We must also briefly address the clerical error in the judgment. Paz was charged with and pleaded guilty to Count One of the indictment for being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The record reflects, and the parties agree, that the judgment lists the correct statutes of conviction but incorrectly describes the offense of conviction as one for being a felon in possession of a firearm. A district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. In light of the government's acknowledgment that the

No. 14-10243

written judgment contains a clerical error in that it does not reflect the actual offense of conviction, we remand the matter to the district court for the limited purpose of correcting the judgment to identify correctly the Count One offense of conviction. *See United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979).

Accordingly, the judgment of the district court is AFFIRMED in part and REMANDED for the limited purpose of correcting the written judgment to correctly identify the offense of conviction on Count One.