# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11250
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KINNEY LEE PALMER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-88-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Kinney Lee Palmer appeals the 115-month, within-guidelines sentence imposed by the district court following his guilty-plea conviction for receiving child pornography. He argues that the district court erred by (1) denying a U.S.S.G. § 3E1.1(b) reduction, which reduction the Government opposed, and (2) imposing two criminal history points under U.S.S.G. § 4A1.1(e) on the ground that two of Palmer's convictions for aggravated assault under Texas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11250

law constituted crimes of violence as defined by U.S.S.G. § 4B1.2(a). Palmer correctly concedes that the latter argument is foreclosed by our binding precedent in *United States v. Guillen-Alvarez*, 489 F.3d 197, 199-200 (5th Cir. 2007). *See United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010).

In reviewing a district court's denial of a § 3E1.1(b) adjustment, we review the district court's interpretation of the guideline de novo and its factual findings under a "standard even more deferential than a purely clearly erroneous standard." *United States v. Silva*, 865 F.3d 238, 244 (5th Cir. 2017) (internal quotation marks and citation omitted). Under that more deferential standard, a defendant must "show that the district court's denial of a reduction for acceptance of responsibility was without foundation." *United States v. Lord*, 915 F.3d 1009, 1020 (5th Cir. 2019).

"[A] defendant who pleads guilty, initially admitting the conduct underlying his guilty plea, but then later attempts to withdraw his plea, asserting innocence, does not demonstrate 'sincere contrition' for purposes of § 3E1.1." *Id.* (citations omitted). In attempting to distinguish *Lord*, Palmer repeatedly insists that he did not assert his innocence in either of his motions to withdraw his guilty plea; however, the record confutes his representations and plainly reflects that he asserted his innocence in both motions.

While the district court (and, to some extent, the Government) focused on the resources spent by the Government in responding to Palmer's post-plea motions, the fact remains that the Government validly opposed the § 3E1.1(b) reduction because, inter alia, Palmer's motions to withdraw his guilty plea were inconsistent with his acceptance of responsibility. *See id.* We need not consider Palmer's argument under *United States v. Castillo*, 779 F.3d 318, 324 (5th Cir. 2015), that the Government's expenditure of resources on post-plea litigation cannot support the denial of a § 3E1.1(b) reduction; even if Palmer

No. 18-11250

were correct, remand would be futile since we cannot force the Government to move for a § 3E1.1(b) reduction when it has cited a valid reason for refusing to do so.  *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

We AFFIRM the judgment of the district court.  The Federal Public Defender is cautioned not to misrepresent the record in his brief.