# United States Court of Appeals
## for the Fifth Circuit

---

No. 20-40350
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2021

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID ARZON,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CR-43-2

---

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

David Arzon pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2. The district court sentenced him to 135 months' imprisonment and five years' supervised

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

release. On appeal, Arzon raises three challenges to the district court's calculation of the Sentencing Guidelines range.

We review the district court's legal interpretation of the Guidelines de novo and its factual findings for clear error. *United States v. Castillo*, 779 F.3d 318, 321 (5th Cir. 2015). A factual finding is clearly erroneous only if, based on the entirety of the evidence, we are "left with the definite and firm conviction that a mistake has been made." *Id.*

First, Arzon argues that the district court erred in permitting the Government to withhold a motion for an additional, one-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). We review the Government's reasons for withholding the motion "only to determin[e] whether the [G]overnment considered an interest within § 3E1.1." *United States v. Halverson*, 897 F.3d 645, 656 (5th Cir. 2018). At sentencing, the Government declined to move for the one-point reduction because Arzon did not truthfully admit his criminal conduct. And Arzon was a fugitive for eight years. Both reasons are relevant considerations under § 3E1.1. *See* U.S.S.G. § 3E1.1, cmt. 1(A) & (D); *see also, e.g.*, *United States v. Chapa-Garza*, 62 F.3d 118, 123 (5th Cir. 1995) (holding that a defendant had not clearly demonstrated acceptance of responsibility where he was a fugitive for four and a half years). Thus, the district court did not clearly err in permitting the Government to withhold a motion for the additional, one-point reduction.

Next, Arzon claims the district court erred in overruling his objection to the PSR's inclusion of a 2008 New York State DWI conviction. Arzon bears the burden of showing that the information in the PSR about this DWI conviction was "materially untrue, inaccurate or unreliable." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). Although the record of Arzon's DWI conviction was lost in a fire, the probation officer verified the DWI

conviction by procuring a Certificate of Disposition and National Crime Information Center record detailing the offense; both documents bore sufficient indicia of reliability. *See* U.S.S.G. § 6A1.3(a) (allowing a district court to consider at sentencing any information that has sufficient indicia of reliability to support its probable accuracy); *see also* N.Y. Crim. Proc. Law § 60.60(1) ("A certificate issued by a criminal court, or the clerk thereof, certifying that a judgment of conviction against a designated defendant has been entered in such court, constitutes presumptive evidence of the facts stated in such certificate."). Moreover, Arzon failed to meet his burden because he presented no competent rebuttal evidence at sentencing. Accordingly, the district court did not clearly err in considering Arzon's DWI conviction when calculating his criminal history.

Finally, Arzon argues that the district court erred by not reducing his offense level based on his role in the offense. Specifically, Arzon claims that he was entitled to a mitigating role reduction under U.S.S.G. § 3B1.2. Because Arzon seeks an adjustment to the base level of the conspiracy offense with which he was charged, he "bears the burden of proving by a preponderance of the evidence that the adjustment is warranted." *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). Arzon has failed to make that showing: He did not show the level of culpability of the average participant in the conspiracy, and he did not show that he was substantially less culpable than that participant. *See United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016); U.S.S.G. § 3B1.2 cmt. 3(A). Thus, the district court did not clearly err in refusing to grant the § 3B1.2 reduction.

We AFFIRM.