# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2026

Lyle W. Cayce
Clerk

No. 25-40185

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KIMBERLY CHRISTINA COLLIER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:24-CR-93-1

Before SMITH, WIENER, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

After a bench trial for cocaine possession, Kimberly Collier was sentenced to 15 months, a downward variance from the Guidelines range of 27–33 months. On appeal, Collier contests this sentence for failing to award her a sentence reduction and identifies a minor mistake in her sentencing documents. We affirm but remand to correct a clerical error.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40185

## I.

Police stopped Collier's vehicle and found 2.2 kilograms of cocaine. Collier was charged with felony possession with intent to distribute. After losing a motion to suppress, she filed for and received three continuances before agreeing to a stipulated bench trial to preserve issues instead of taking a plea deal.

On appeal, Collier contests the government's refusal to move for a third-level reduction under U.S.S.G. § 3E1.1(b), which would have resulted in a slightly lower original sentencing range. The government persuasively points to the transcript of the sentencing hearing to show that Collier waived her objections to the government's refusal to move for the reduction. Collier maintains that the refusal to move for the reduction for timely acceptance of responsibility is inconsistent with the text of the Guidelines.

The district court entered judgment against Collier, noting that she had pleaded guilty to one count the prior October and announcing the sentence. At the stipulated bench trial, defense counsel explained that Collier had proceeded this way to preserve her right to appeal the sentence and the denial of her suppression motion.

Collier's base offense level under U.S.S.G. § 2D.1.1(c)(7) was 24, as shown in the Presentence Report ("PSR"). The PSR subtracted two points since Collier qualified as a zero-point offender lacking any prior criminal history, subtracted two points based on the limitation of the applicability of the statutory minima in a nonviolent case, and subtracted two points for Collier's acceptance of responsibility. The PSR did not, however, apply the third-level reduction under U.S.S.G. § 3E.1.1(b), resulting in a total offense level of 18. The sentencing range, for a category I no-history offender, was 27–33 months.

At the sentencing hearing, Collier's counsel acknowledged a previ-

2

ously filed written objection for the lack of a third-level reduction motion by the government. A critical passage then follows—relevant to waiver *infra*—with an exchange confirming that the court was aware of the previous objections on file, and inviting counsel to raise any outstanding objections:

> THE COURT: The defense went through the objection regarding minor role, but did you still want to address that third point, I guess, which really is on the Government's motion?
>
> [COUNSEL]: Exactly, Your Honor. And Your Honor, we understand that.
>
> THE COURT: Yes.
>
> [COUNSEL]: Really, our argument rests for Your Honor to consider under [18 U.S.C.] 3553(a).
>
> THE COURT: So no objections before the Court, then. At this point any corrections to the report?"
>
> [COUNSEL]: Your Honor, there were some minor corrections, but I have emailed those to the Probation Officer, so they will be able to fix those in the judgment.
>
> THE COURT: All right, then nothing that would affect the Guidelines.
>
> [COUNSEL]: That's right.
>
> THE COURT: . . . . Okay. Then I'm going to set the Guidelines range here.

After confirming there were no objections from either side, the court proceeded to sentencing. Defense counsel requested mercy under 18 U.S.C. § 3553(a)'s sentencing factors, including explicit mention of the denied third-level reduction as a basis for clemency. Factoring in all those arguments, the court granted a downward variance to 15 months. The Court initially acknowledged that the third-level reduction was "upon the Government's motion" and later took it into account under the totality of circumstances driving the lenient sentence.

No. 25-40185

## II.

## A.

Since *Gall v. United States*, this court has reviewed the substance of sentences for abuse of discretion and the procedural steps driving a sentence *de novo* as questions of law.[1] This includes proper calculation of the Sentencing Guidelines range, of which the third-level reduction is part.[2]

Collier urges that the district court erred in allowing the government to withhold a request for the third-level reduction under § 3E1.1(b). The first two-level reductions under § 3E1.1 are for acceptance of responsibility, typically identified through a guilty plea. The commentary to that section clarifies that acceptance of responsibility generally does not apply to defendants who put the government to the burden of proof over an essential element of guilt but may apply where a defendant preserves a constitutional issue, as through a contested suppression motion. *See* § 3E1.1 cmt. 2.

The third-level reduction recommends to "decrease the offense level by 1 additional level" if the defendant has so accepted responsibility, the offense level is 16 or greater, and the government moves to state "that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention enter a plea of guilty," thereby saving prosecutorial resources. § 3E1.1(b).

One initial ambiguity is that the district court had already granted a downward variance, apparently taking into account—without explicitly ruling on—the disputed third-level reduction. Nevertheless, Collier contends that the third-level reduction is mandatory except in the narrow case of sub-

---

[1] 552 U.S. 38, 51 (2007); *accord United States v. Castillo*, 779 F.3d 318, 321 (5th Cir. 2015).

[2] *United States v. Goss*, 549 F.3d 1013, 1016 (5th Cir. 2008); *United States v. Murray*, 648 F.3d 251, 254 (5th Cir. 2011).

stantive preparations for a jury trial.

Collier has a reasonable basis to argue that the pretrial suppression motion did not fall within the Guidelines' relevant definition of "trial preparations," given that the Guidelines expressly state that "substantive preparations taken to present the government's case against the defendant" include "preparing witnesses for trial, in limine motions, proposed *voir dire* questions and jury instructions, and witness and exhibit lists" but that "Preparations for pretrial proceedings (such as litigation related to a charging document . . . and suppression motions) ordinarily are not considered 'preparing for trial' under this subsection." U.S.S.G. § 3E1.1(b).

Collier, however, did proceed to a stipulated bench trial and requested multiple continuances while setting and resetting trial dates. The government already had proceeded with leniency by agreeing to the § 3E1.1(a) two-level reduction for clear demonstration of acceptance of responsibility rather than disputing the constitutional suppression fight's relevance to acceptance or non-acceptance of guilt. The government did not contest defense counsel's injection of a substantive-duress defense before and during sentencing as relevant to non-acceptance of responsibility for the § 3E1.1(a) two-level reduction. The government also moved for a sentence at the low end of the guideline range, requesting 27 out of 33 available months.

Where the prosecutor is assigned the decision whether to move for a third-level reduction, it is not evident, in this context, that withholding such motion denies any constitutionally protected interest such as a legitimate suppression dispute.[3] The third-level reduction is at the government's discretion: "Because the Government is in the best position to determine

---

[3] *See Castillo*, 779 F.3d at 323–24 (holding that the government may withhold a third-level reduction based on an interest identified in § 3E1.1(b) but not in a circumstance expressly carved out of that section, such as a good-faith sentencing dispute).

whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may *only* be granted upon a formal motion by the Government at the time of sentencing." U.S.S.G. § 3E1.1, cmt. 6 (emphasis added).

Collier cites a string of cases in which this court identified error and vacated and remanded for resentencing. Those, however, were cases in which the Guidelines were amended to recommend that the government could not withhold the third-level reduction based on defendant's refusal to waive his right to appeal. Such cases are inapposite both because that amendment has been subsequently repealed and because the government here does not base its withholding of the motion on either the suppression issue or waiver of appeal, but for other aspects of the delay.

## B.

The government identifies the dispositive issue, however: Collier waived her argument for the third-level reduction by agreeing that the PSR guideline range calculated without that reduction was correct, arguing from a downward variance from that range, and thereby failing to contest the absence of the third-level reduction at the time. Where counsel withdraws the challenge to an aspect of the PSR at sentencing, that objection is generally waived.[4] In the exchange quoted above, defense counsel agreed during the sentencing hearing that there were no pending objections or major correc-

---

[4] *United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995); *United States v. Rico*, 864 F.3d 381, 383–84 (5th Cir. 2017) (written sentencing objection waived because defendant "consciously decided to forgo that objection at sentencing"); *United States v. Hernandez*, No. 23-50529, 2024 WL 1990929, at *2 (5th Cir. 2024) (per curiam) (unpublished) ("Although counsel filed written objections to these enhancements, counsel expressly waived them at the sentencing hearing. Hernandez' challenges to the sentence enhancements are, therefore, not reviewable.").

tions to the PSR. Therefore, the argument is waived.[5]

The government argues in the alternative that any error related to the 15-month sentencing, deviating downward from the 27–33- month Guideline range, was invited error because the district court calculated the sentence based on defense counsel's agreement to the proposed range. The government is right to point out that "counsel's strategic decision to abandon the U.S.S.G. § 3E1.1(b) objection and argue instead for a downward-variance sentence under the § 3553(a) sentencing factors was highly successful" and resulted in a 15- rather than 27-month sentence, such that finding procedural error—much less plain error—would enable Collier to "have her cake and eat it too" with multiple bites at the third-level reduction, which the district court already had entertained at sentencing.

In sum, Collier was likely not entitled to the third-level reduction where the government withheld it on a discretionary basis defense counsel then waived the issue at sentencing.

## III.

Collier also avers that this court should remand for correction of a clerical error in the judgment. Collier specifically objects to the district court's error in "mistakenly stat[ing] that Ms. Collier pleaded guilty" instead of indicating that she was found guilty after a stipulated bench trial. Federal Rule of Criminal Procedure 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record."

---

[5] In the alternative, we would revert to plain-error review. *See United States v. Quezada-Atayde*, 148 F.4th 360, 363 (5th Cir. 2025) ("Where a defendant had an opportunity to object at sentencing—even if he failed to do so—our review is for plain error.") (citing *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc) (citing Fed. R. Crim. P. 52(b))). On these facts of apparent waiver and a downward deviation in sentencing, the district court did not plainly err.

No. 25-40185

The judgment of conviction and sentence is AFFIRMED.  The matter is REMANDED for the sole purpose of correcting the above-described error.